UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
(SOUTHWESTERN DIVISION)

| | |
|---|---|
| QUALITY CRAFT INDUSTRIES INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| | ) |
| MUELLER METALS, LLC, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Quality Craft Industries Inc. ("QCI") for its Complaint against Defendant Mueller Metals, LLC ("Mueller Metals"), states and alleges the following:

## PARTIES

1. Plaintiff is a Washington Corporation having its principal United States place of business at 2750 Liberty Road, Rogersville, Missouri, 65742.

2. Upon information and belief, Defendant is a Texas limited liability company with its principal place of business at 2152 Schwartz Road, San Angelo, Texas 76904.

## JURISDICTION AND VENUE

3. This action arises under the Lanham Act 15 U.S.C. § 1051 et seq. and the common law of the state of Missouri. This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. The Court has jurisdiction over the parties and venue is proper in this district under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

5. QCI manufactures, sources, and markets quality, high volume consumer goods, including a wide range of home décor and home hardware products, to retailers and distributors worldwide.

6. QCI is the owner of United States Trademark Registration No. 3,930,484 (attached hereto as Exhibit A).

7. As part of an asset sale with Montezuma Mfg., Inc. that occurred on February 28, 2011, QCI was assigned U.S. Trademark Registration No. 3,930,484 and continues to offer for sale the Montezuma brand tool storage boxes covered under the Registration.

8. Since at least as early as 1980, Montezuma Mfg., Inc. has sold and offered for sale steel and aluminum tool boxes in a distinctive wedge-shaped or sloped-front design. As a result of Montezuma's quality and advertising, an exceptional marketplace acceptance of these distinctively shaped tool boxes occurred and the boxes have come to be recognized by the consuming public as identifying the sole source and origin of such distinctively shaped products and distinguishing the Montezuma brand product from products of others.

9. Upon information and belief, Defendant has been using, promoting, distributing, offering for sale, and selling tool boxes throughout the United States that are substantially similar and confusingly similar to QCI's registered trademark and trade dress.

10. QCI did not authorize Defendant's activities.

11. On or about February 14, 2011, prior to its asset sale to QCI, Montezuma Mfg., Inc. sent a letter to Defendant putting Defendant on actual notice of Montezuma Mfg., Inc.'s common law trademark and trade dress rights and its soon to issue federal trademark application (which at that time had been approved but did not register until March 15, 2011).

12. After acquiring the rights to the trademark at issue, QCI offered Defendant a license to use the registered QCI Trademark in connection with its tool boxes incorporating this distinctive shape, but Defendant has declined to take such a license.

13. Defendant's distribution, offering for sale, marketing, and promotion of such tool boxes is likely to cause confusion, mistake, or deception of the public and to cause the public to believe that Defendant's products originate from QCI's Montezuma brand, are authorized, sponsored, or approved by QCI, or are otherwise affiliated with QCI.

14. Upon information and belief, Defendant's tortuous acts have been committed willfully and with full knowledge of QCI or its predecessor's rights and with the intention of confusing, deceiving, and misleading the public, of wrongfully trading upon the goodwill and reputation of the Montezuma brand and QCI, and of diluting QCI's trademark and trade dress rights.

## **CAUSES OF ACTION**

### **COUNT I – FEDERAL TRADEMARK INFRINGEMENT**

15. QCI realleges and incorporates by reference paragraphs 1-14 as though fully stated herein.

16. Defendant's distribution, offering for sale, sale, and promotion of tool boxes in interstate commerce that are substantially and confusingly similar to QCI's trademark, without QCI's consent or authorization, is likely to cause confusion, to cause mistake, or to deceive consumers, and constitutes infringement of QCI's trademark rights in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

17. Defendant's trademark infringement has caused and will continue to cause irreparable injury and damage to QCI's business, reputation, and goodwill. QCI has no adequate remedy at law.

**COUNT II – UNFAIR COMPETITION, FALSE DEISGNATION OF ORIGIN, AND FALSE DESCRPITON AND REPRESENTATIONS**

18. QCI realleges and incorporates by reference paragraphs 1-17 as if fully stated herein.

19. Defendant's distribution, offering for sale, sale, and promotion of tool boxes in interstate commerce that are substantially and confusingly similar to QCI's trademark and trade dress, without QCI's consent or authorization, constitutes unfair competition, a false designation of origin, and false description and representation of fact as to the origin of Defendant's goods in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

20. Defendant's unfair competition, false designation of origin, and false description and representation has caused and will continue to cause irreparable injury and damage to QCI's business, reputation, and goodwill. QCI has no adequate remedy at law.

**COUNT III – TRADE DRESS INFRINGMENT**

21. QCI realleges and incorporates by reference paragraphs 1-20 as if fully stated herein.

22. Defendant's distribution, offering for sale, and promotion of tool boxes into interstate commerce that are substantially and confusingly similar to QCI's trade dress as consistently reflected in Exhibit A, without QCI's consent or authorization, constitutes trade dress infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the common law.

23. Defendant's trade dress infringement has caused and will continue to cause irreparable injury and damage to QCI's business, reputation, and goodwill. QCI has no adequate remedy at law.

## COUNT IV -- COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGMENT

24. QCI realleges and incorporates by reference paragraphs 1-23 as if fully stated herein.

25. Defendant's distribution, offering for sale, sale, and promotion of tool boxes into interstate commerce that are substantially and confusingly similar to QCI's trademark and trade dress in this District and elsewhere, without QCI's consent or authorization, constitutes unfair competition and trademark infringement in violation of the Common Law of the State of Missouri.

26. Defendant's acts have caused and will continue to cause irreparable injury and damage to QCI's business, reputation, and goodwill. QCI has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff QCI respectfully prays that:

A. Defendant be found to have engaged in the acts of trademark infringement, false designation of origin and false description and representation, trade dress infringement and unfair competition.

B. Defendant, its officers, agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or participation with it, be preliminarily and permanently enjoined from:

    1. Engaging in trademark infringement, unfair competition, false designation of origin and false description and representation by use of a design on tool boxes that is

confusingly similar to QCI's configuration depicted in United States Trademark Registration No. 3,930,484 and associated trade dress;

    2. Making any statement or representation whatsoever, or using any false designation of origin or false description or representation, or performing any act which can or is likely to lead the public to believe that an association exists between Defendant and QCI;

    3. Otherwise competing unfairly with QCI in any manner; and

    4. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 1-3 above.

C. Defendant be required to engage in corrective advertising of a type and duration found appropriate by the Court.

D. Defendant be required to cancel, withdraw, or remove any and all promotions, catalogs, brochures, signage, labels, packaging, and other materials that have been placed or circulated which contain an identification of any tool box design confusingly similar to QCI's Montezuma brand tool boxes, as depicted in United States Trademark Registration No. 3,930,484 and associated trade dress.

E. Defendant be required to deliver to QCI for destruction all merchandise, packaging, promotional materials, signage, brochures, and other things possessed, used, or distributed by Defendant, or on its behalf, that depict or refer to any tool box design confusingly similar to the design of QCI's Montezuma brand tool box depicted in United States Trademark Registration No. 3,930,484 and associated trade dress.

F. Defendant be required to account to QCI for any and all profits gained by it through its wrongful conduct complained of herein, and to pay all such profits over to QCI.

G. Defendant be required to compensate QCI for any and all damages suffered by QCI, including QCI's lost profits, as a result of the actions complained of herein.

H. QCI be awarded treble damages pursuant to 15 U.S.C. § 1117.

I. QCI have and receive from Defendant the cost of this action, together with reasonable attorneys' fees, and prejudgment interest pursuant to 15 U.S.C. § 1117.

J. QCI have such other and further relief as may be proper, just and equitable.

## DEMAND FOR JURY TRIAL

QCI demands a jury trial as to all issues triable by jury in this action.


Dated: May 10, 2011  SHOOK, HARDY & BACON LLP

By: /s/ Clinton G. Newton
    Clinton G. Newton, #46054
    Jennifer Knapp Riggs, #53910
    2555 Grand Blvd.
    Kansas City, Missouri 64108-2613
    (816) 474-6550 (phone)
    (816) 421-5547 (fax)
    cnewton@shb.com
    jriggs@shb.com

    *Attorneys for Quality Craft Industries Inc.*